11 CIV 6990-WHP-ECF CASE

JUDGE PAULEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X

THE NEW YORK TIMES COMPANY and
CHARLIE SAVAGE,

                                Plaintiffs,

             - against -

UNITED STATES DEPARTMENT OF
JUSTICE,

                                Defendant.

---------------------------------------------------------------- X

11 CIV 6990

**COMPLAINT**

RECEIVED
OCT 05 2011
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs The New York Times Company and Charlie Savage (jointly, "NYT"), by their undersigned attorney, allege for their Complaint:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, *et seq.*, to order the production of an agency record improperly withheld by Defendant in response to a request properly made by Plaintiffs.

2.      On or about February 2, 2011, two congressional intelligence committees received from the Attorney General and the Director of National Intelligence a report (the "Report") pertaining to intelligence collection authorities that were subject to expiration under Section 224 of the USA PATRIOT Act, Pub. L. No. 107-56, § 224, 115 Stat. 295 (2001) ("PATRIOT Act").

3.      On May 25, 2011, two members of the Senate Intelligence Committee, Senators Ron Wyden and Mark Udall, referenced the Report in a proposed amendment they introduced to legislation that would extend the expiring provisions of the PATRIOT Act. The amendment called for the Justice Department to explain publicly the official government

51943 v. 2

interpretation and analysis of the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. 1801 *et seq.*, a surveillance law that was modified by the PATRIOT Act.

4.      On May 26, 2011, during floor debate over the legislation, Senator Wyden expressed concern over inconsistencies between the Act's interpretation by the government and public understanding of what the statute means. Senator Wyden stated, "I wish to deliver a warning this afternoon. When the American people find out how their government has secretly interpreted the PATRIOT Act, they are going to be stunned and they are going to be angry." He also stated: "It is almost as if there are two PATRIOT Acts, and many Members of Congress have not read the one that matters. Our constituents, of course, are totally in the dark. Members of the public have no access to the secret legal interpretations, so they have no idea what their government believes the law actually means."

5.      During that same day's debate, Senator Udall stated, "As a member of the Intelligence Committee, I can tell you that what most people – including many Members of Congress – believe the PATRIOT Act allows the government to do – what it allows the government to do –and what government officials privately believe the PATRIOT Act allows them to do are two different things . . . I cannot support the extension of the provisions we are considering today without amendments to ensure there is a check on executive branch authority. I do not believe the Coloradans who sent me here to represent them would accept this extension either. Americans would be alarmed if they knew how this law is being carried out."

6.      In the wake of the Senate debate over the government's secret interpretation of the law, NYT duly filed FOIA requests seeking the Report. To date, DOJ has refused to release the Report or any part of it, claiming it is properly classified.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§552(a)(4)(B) and 28 U.S.C. §1331.

8.     Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

9.     Because DOJ has failed to determine an administrative appeal in the time set by FOIA, NYT is deemed to have exhausted all administrative remedies and is now entitled to appeal directly to the Court to enforce the dictates of FOIA pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10.     Plaintiff the New York Times Company is the publisher of *The New York Times* ("the Times").  The weekday circulation of *The New York Times* is the highest in the nation among metropolitan dailies, at more than 900,000 daily, and it is 1.35 million on Sunday.  The average number of monthly unique visitors to NYTimes.com has exceeded 20 million.  The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, N.Y.

11.     Plaintiff Charlie Savage is a reporter for The Times.

12.     Defendant DOJ is an agency of the federal government that has possession and control of the Record.  DOJ is the federal agency responsible for enforcing the law and defending the legal interests of the United States.  The Office of Information Policy ("OIP"), a component entity of DOJ, is responsible for ensuring the agency's compliance with FOIA requests.  The National Security Division ("NSD"), a component

entity of DOJ, consolidated most of the DOJ's national security functions after the PATRIOT Act was enacted.

      13.    DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## FACTS

*The Report Underlying the NYT's FOIA Request*

      14.    The USA PATRIOT Act, Pub. L. No. 107-56; 115 Stat. 272, has generated widespread public debate since its passage.

      15.    One particularly contested provision, Section 215, allows the FBI to obtain "any tangible things (including books, records, papers, documents, and other items) for an investigation to protect against international terrorism or clandestine intelligence activities."

      16.    Only a showing of "reasonable grounds" is required for the government to obtain Foreign Intelligence Surveillance Act ("FISA") court orders – issued under seal – and to access a wide range of personal and business records held by third parties such as universities, credit card companies, hotels, car rental firms, hospitals, libraries, stores, Internet service providers, and telecommunications firms.

      17.    Moreover, institutions or businesses served with court orders pursuant to Section 215 – and thus compelled to release records to the FBI – cannot disclose this to the subjects of surveillance. As such, these individuals remain unaware that their records have been accessed.

      18.    Even members of Congress who, because of their position on House and Senate intelligence committees, are privy to the government's official interpretation of

the PATRIOT Act cannot detail their concerns about interpretations of the law to the public due to classification requirements.

19.     A number of these senators and representatives have repeatedly urged the DOJ to make public its interpretation of Section 215 of the Act.

20.     For example, in a 2009 debate over the PATRIOT Act, a member of the intelligence committee, then-Senator Russell Feingold, suggested that Section 215 was being interpreted by DOJ officials in a secret way that "Congress and the American people deserve to know" about.

21.     Later that year, several Senate members pushed the DOJ to declassify information related to the government's implementation of Section 215.  This request was unsuccessful.

22.     In 2011, during the debate over extending the expiring provisions of the PATRIOT Act, Senators Wyden and Udall proposed an amendment that would have required the government to reveal its interpretation of its legal authority to collect information about Americans.  They made clear that they had specific concerns over how the government was interpreting Section 215.

23.     During his floor statement, immediately after discussing the proposal to require DOJ to disclose the official legal interpretations of the PATRIOT Act in connection with the Report, Senator Udall said: "I know Americans believe we ought to only use PATRIOT Act powers to investigate terrorists or espionage-related targets.  Yet Section 215 of the PATRIOT Act, the so-called business records provision, currently allows records to be collected on law-abiding Americans without any connection to terrorism or espionage."

24.     During the May 2009 debate over extending the expiring PATRIOT
Act provisions, Senators Wyden and Udall also offered an amendment that would have
limited when the government could use Section 215 to collect records about people.  This
effort to amend was also unsuccessful.

25.     Section 215 was renewed as part of the PATRIOT Act without
amendment, and there has been no resolution to the concerns expressed over its
interpretation.

*The Report FOIA Request*

26.     Beginning in May 2011, Mr. Savage filed a series of FOIA requests
seeking documents showing DOJ's interpretation of the PATRIOT Act.  Of specific concern
to this action, on June 22, 2011, Mr. Savage submitted a FOIA request via e-mail to DOJ
NSD seeking a copy of "the report received on February 2, 2011 by the congressional
intelligence committees from the Attorney General and the Director of National Intelligence,
that pertains to intelligence collection authorities that were subject to expiration under section
224 of the USA PATRIOT Act."

27.     By letter dated June 27, 2011, DOJ NSD acknowledged receipt of the
request, and granted expedited processing given the "particular urgency to inform the public
about an actual or alleged federal government activity."

28.     By letter dated August 2, 2011, DOJ NSD denied Mr. Savage's
request.

29.     The DOJ NSD stated it had found one responsive record but was
withholding the record in full pursuant to FOIA Exemption 1, 5 U.S.C. § 552(b)(1) (relating

to national defense or foreign policy information properly classified pursuant to Executive

Order No. 13526).

        30.      On August 19, 2011, NYT submitted to DOJ OIP its appeal of the

denial of NYT's request.  DOJ OIP adjudicates such appeals, including those made to DOJ

NSD.

        31.      DOJ OIP advised NYT that it had received the administrative appeal

on August 22, 2011.

        32.      More than twenty days have passed since NYT submitted its August

19, 2011 administrative appeal to DOJ OIP.  NYT has received no further response to its

appeal.

        33.      As a result, NYT is deemed to have exhausted its administrative

remedies.

### CAUSE OF ACTION

        34.      NYT repeats, realleges, and incorporates the allegations in the

foregoing paragraphs as though fully set forth herein.

        35.      DOJ is an agency subject to FOIA, 5 U.S.C. § 552(f), and must

therefore release in response to a FOIA request any disclosable records in its possession at

the time of the request and provide a lawful reason for withholding any materials as to which

it is claiming an exemption, under 5 U.S.C. § 552(a)(3).

        36.      Exemption 1 of FOIA applies to information properly classified

pursuant to Executive Order No. 13526.

37.     Upon information and belief, the Report contains discussion of legal analysis outlining the government's official interpretation of the language of the USA PATRIOT Act.

38.     Defendant's decision to withhold as classified the government's interpretation is improper.

39.     Even if parts of the Report are properly classified, DOJ has an obligation to redact non-public portions of the Report and release those portions that are public under FOIA.

40.     Defendant's failure to provide the Report violates FOIA, generally and specifically 5 U.S.C. § 552(a)(3) .

## REQUEST FOR RELIEF

**WHEREFORE**, NYT respectfully requests that this Court:

a.     Expedite consideration of this Complaint pursuant to 28 U.S.C. §1657;

b.     Declare that the Report is public under 5 U.S.C. § 552 and must be disclosed, or in the alternative conduct an in camera review to determine whether any parts of the Report are properly public under FOIA;

c.     Order the DOJ to provide the Report, or such parts as the Court determines are public under FOIA, to NYT within twenty business days of this Court's order;

d.     Award NYT its costs of this proceeding, including reasonable

attorneys' fees, as expressly permitted by FOIA; and

e.     Grant NYT such other and further relief as the Court deems just and
proper.

Dated:  New York, New York
        October 5, 2011

                                        David E. McCraw
                                        Nabiha Syed (admission pending)
                                        Legal Department
                                        The New York Times Company
                                        620 8th Avenue – 18th Floor
                                        New York, NY 10018
                                        phone: (212) 556-4031
                                        fax: (212) 556-1009
                                        mccraw@nytimes.com
                                        Counsel for Plaintiffs