UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

THE NEW YORK TIMES COMPANY and
CHARLIE SAVAGE,

        Plaintiffs,

             11 Civ. 6990 (WHP)
             ECF CASE

      - against -

UNITED STATES DEPARTMENT OF
JUSTICE,

        Defendant.

---------------------------------------------------------------- X

## DECLARATION OF NABIHA SYED

   I, Nabiha Syed, declare under penalty of perjury as follows:

   1.  I am the First Amendment Fellow at The New York Times Company, the
publisher of The New York Times ("NYT").

   2.  In November of 2009, Senators Russ Feingold, Ron Wyden, and Dick
Durbin released a public letter asking the Department of Justice (DOJ) to declassify
information related to the Government's implementation of Section 215 of the USA
PATRIOT Act ("Patriot Act"), Pub. L. No. 107-56, 115 Stat. 272 (Oct. 26, 2001).

   3.  A true copy of this letter to Attorney General Eric Holder, dated
November 17, 2009, is attached as Exhibit A.

1

4.     Given the continued public interest in the Patriot Act, Charlie Savage, a reporter for NYT, submitted a FOIA request ("Request") via e-mail on June 22, 2011, to the DOJ National Security Division ("NSD").

5.     The Request sought a copy of "the report received on February 2, 2011 by the congressional intelligence committees from the Attorney General and the Director of National Intelligence, that pertains to intelligence collection authorities that were subject to expiration under section 224 of the USA PATRIOT Act."

6.     A true copy of the Request is attached as Exhibit B.

7.     By letter dated June 27, 2011, NSD acknowledged receipt of the request, and granted expedited processing given the "particular urgency to inform the public about an actual or alleged federal government activity."

8.     A true copy of this letter is attached as Exhibit C.

9.     By letter dated August 2, 2011, NSD denied Mr. Savage's request. The NSD stated it had found one responsive record but was withholding the record in full pursuant to FOIA Exemption 1, 5 U.S.C. § 552(b)(1) (relating to national defense or foreign policy information properly classified pursuant to Executive Order No. 13526).

10.    A true copy of this letter is attached as Exhibit D.

11.    On August 19, 2011, NYT submitted to the DOJ Office of Information Policy ("OIP") its appeal of the denial of NYT's request. OIP adjudicates such appeals, including those made to NSD.

12.    A true copy of this appeal is attached as Exhibit E.

13.    OIP advised NYT that it had received the administrative appeal on August 22, 2011.

2

14.     A true copy of this letter is attached as Exhibit F.

15.     While NYT awaited a response to its appeal, Senator Wyden and Senator Mark Udall wrote again to Attorney General Holder in September 2011, objecting to repeated claims by DOJ officials that the authority pursuant to Section 215 of the Patriot Act was simply "analogous to the use of a grand jury subpoena."

16.     A true copy of this letter from Senators Wyden and Udall to Attorney General Holder, dated September 21, 2011, is attached as Exhibit G.

17.     When the deadline for a determination passed, NYT commenced this litigation on October 5, 2011.

18.     A true copy of the complaint is attached as Exhibit H.

19.     By letter dated September 30, 2011, but received after the commencement of litigation, OIP denied the administrative appeal made by NYT.

20.     In this letter, OIP informed NYT that the information responsive to the Request was being referred to the Department of Justice's Department Review Committee, "so that it may determine if this information should remain classified under Executive Order No. 13,526."

21.     A true copy of this letter is attached as Exhibit I.

22.     Again, and while this litigation was pending, Senators Udall and Wyden wrote to Attorney General Holder, challenging DOJ's rationale for keeping the official interpretation of Section 215 secret: that secrecy is needed to "prevent[] U.S. adversaries from understanding exactly what intelligence agencies are allowed to do."

23.     A true copy of this letter from Senators Udall and Wyden to Attorney

General Holder, dated March 15, 2012, is attached as Exhibit J.


Dated:   New York, NY
         March 19, 2012

_____
Nabiha Syed

# EXHIBIT A

Senators Press Holder to Declassify Key Facts about Patriot Act | Newsroom | Senator Ron Wyden | Standing Up for All of Oregon    Page 1 of 1

Case 1:11-cv-06990-WHP   Document 20   Filed 03/26/12   Page 6 of 39

# United States Senator
# Ron Wyden

March 26, 2012

Search | Text Size: + -

Newsroom | Press Releases | Photo Gallery | Videos | Audio

## Press Releases

Press Release of Senator Wyden

Senators Press Holder to Declassify Key Facts about Patriot Act

"Most members of Congress - and nearly all of the American public -- lack important information about the issue".

Tuesday, November 17, 2009

### Announcements

You Tube — Senator Wyden's YouTube Channel

### State Offices

Portland | Eugene | La Grande
Medford | Bend | Salem | DC

**Washington, DC**
221 Dirksen Senate Office
Building
Washington, DC 20510-3703
Phone: (202) 224-5244
Fax: (202) 228-2717

**Washington, D.C.** - In anticipation of the upcoming Senate debate over Patriot Act reauthorization, U.S. Senators Ron Wyden (D-Ore.) Russ Feingold (D-Wis.) and Dick Durbin (D-Ill.) asked U.S. Attorney General Eric Holder to declassify key information pertaining to the law's "business records" provision (Section 215). Today's letter follows a classified letter that the senators sent Holder in June 2009.

**"We appreciate that the Department of Justice has taken action on several of the issues we raised,"** wrote the senators. **"However, the Department has yet to act on - or respond to - the issue we raised in the first two paragraphs of our letter."**

Senator Wyden discussed this issue in a recent column for the Huffington Post and Senators Feingold and Durbin raised it during the U.S. Senate Judiciary Committee's recent mark-up of reauthorization legislation. All argued that this currently classified information **"is essential to understanding the full scope of the PATRIOT Act."**

The "business records" provision sets the standard that the government must meet to obtain an individual's personal information from banks, hospitals, libraries, retail stores and other institutions. Prior to 9/11, if the FBI or another government agency was conducting an intelligence investigation and wanted to obtain an individual's personal records from the institution that was holding them, the government had to have evidence indicating that the person whose records were sought was a terrorist or a spy. The Patriot Act lowered this standard to permit the government to collect any records deemed "relevant to an investigation."

Wyden, Feingold and Durbin have argued that the relevance standard is overly broad and that Congress should adopt a new standard that would give the government flexibility in terrorism investigations while protecting the privacy rights of law-abiding citizens. To properly debate this issue, the senators argue the classified information referenced in today's letter must be taken into account.

**"Informed discussion is not possible when most members of Congress - and nearly all of the American public - lack important information about the issue,"** the senators concluded.

The full text of the letter is available here and below:

November 17, 2009

The Honorable Eric Holder

Attorney General

United States Department of Justice

Washington, D.C. 20530

Dear Attorney General Holder:

In June 2009 we and other Senators wrote a classified letter to you requesting the declassification of information which we argued was critical for a productive debate on reauthorization of the USA PATRIOT Act. We appreciate that the Department of Justice has taken action on several of the issues we raised, including the release of information about use of the "lone wolf" surveillance authority. We also appreciate the Department's pledge to establish a process for releasing information contained in key decisions of the Foreign Intelligence Surveillance Court. However, the Department has yet to act on - or respond to - the issue we raised in the first two paragraphs of our letter.

We believe that the information we referenced in those paragraphs - specifically about the use of section 215 - is essential to understanding the full scope of the PATRIOT Act, which is about to be debated in Congress. As we said in June, if you have concerns about declassifying the specific language contained in our letter, we ask that you work with us to find language that conveys enough information to allow for an informed public debate on the PATRIOT Act's reauthorization.

The PATRIOT Act was passed in a rush after the terrorist attacks of September 11, 2001. Sunsets were attached to the Act's most controversial provisions, to permit better-informed, more deliberative consideration of them at a later time. Now is the time for that deliberative consideration, but informed discussion is not possible when most members of Congress - and nearly all of the American public - lack important information about the issue.

Thank you for your attention to this important matter. We look forward to your prompt response.

Sincerely,

# EXHIBIT B

## Green, Dana

| From: | Savage, Charles |
|-------|-----------------|
| Sent: | Wednesday, June 22, 2011 4:36 PM |
| To: | 'nsdfoia@usdoj.gov' |
| Cc: | Green, Dana |
| Subject: | FW: FOIA for Patriot Act-related report to Congress of February 2, 2011 |

Dear NSD FOIA officer,

I would like to extend the below request to the National Security Division. Mr. Miller has granted expedited processing of it. Thanks very much!

-- Charlie

-------------------------------

Charlie Savage
The New York Times
Washington Bureau

Office: 202-862-0317
Fax: 202-862-0427
Cell: 202-369-6653

-----Original Message-----
From: Savage, Charles
Sent: Friday, May 27, 2011 9:14 PM
To: DOJ.OIP.Initial.Requests@usdoj.gov; Matt Miller (Matthew.a.miller@usdoj.gov)
Cc: McCraw, David E; Green, Dana
Subject: FOIA for Patriot Act-related report to Congress of February 2, 2011

Dear Mr. Mallon and Mr. Miller:

Under the Freedom of Information Act (5 U.S.C. § 552), I request that a copy be provided to me of the report received on February 2, 2011, by the congressional intelligence committees from the attorney general and the director of national security that pertains to intelligence collection authorities that were subject to expiration under section 224 of the USA PATRIOT Act (Public Law 107-56; 115 Stat. 295).

I request expedited processing and a fee waiver for this request because I am a member of the news media -- specifically, I am the Justice Department beat reporter for The New York Times -- engaged in reporting, and because it pertains to a matter of significant public interest and urgency. Specifically, as related in this article --
http://www.nytimes.com/2011/05/27/us/27patriot.html -- two senators on the intelligence committee, Ron Wyden and Mark Udall, referenced this report in a proposed amendment to the Patriot Act during the recent debate over extending the expiring sections of the law. In that amendment, and in floor statements during the debate, they suggested that the United States government is engaged in an intelligence collection program based upon a non-obvious interpretation of the law that would be alarming to the public and members of Congress who have not been briefed on the matter.

Thank you for your assistance.

# EXHIBIT C



**U.S. Department of Justice**

National Security Division

_Washington, D.C. 20530_

The New York Times
1627 I Street N.W.
Seventh Floor
Washington, D.C. 20006
Attn: Charles Savage

**JUN 2 7 2011**

Re: FOIA/PA # 11-214

Dear Mr. Savage:

This is to acknowledge receipt of your email dated June 22, 2011 for information pertaining to a copy of a report received on February 2, 2011 by the congressional intelligence committees that pertains to intelligence collection authorities that were subject to expiration under section 224 of the USA Patriot Act. Your Freedom of Information Act request was received on June 24, 2011.

Your reason for a fee waiver does meet the fee waiver threshold. Therefore, your request for a fee waiver has been granted.

You have also requested expedited processing of your request under the Department of Justice standards permitting expedition when a requester demonstrates a "compelling need." A compelling need is defined as follows:

1. Failure to obtain requested records on an expedited basis could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or

2. With respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.

You have demonstrated that there is a particular urgency to inform the public about an actual or alleged federal government activity. Therefore, we have determined that your request for expedited processing should be granted.

Our policy is to process FOIA requests on a first-in, first-out basis. Consistent with this policy, every effort will be made to respond to your request as quickly as possible. The actual processing time will depend upon the complexity of the request, whether it involves sensitive or voluminous records, and whether consultations with other agencies or agency components is appropriate. If you have any questions concerning your request, feel free to contact me on (202) 233-0754. Thank you in advance for your continuing patience.

Sincerely,

Arnetta James
FOIA Coordinator

# EXHIBIT D



**U.S. Department of Justice**

National Security Division

_____

*Washington, D.C. 20530*

NSD FOI/PA #11-214          *Received 8/18/11*

Mr. Charlie Savage
The New York Times                          **AUG - 2 2011**
1621 I Street, N.W., Seventh Floor
Washington, D.C.  20006

Dear Mr. Savage:

This is in response to your email dated June 22, 2011, under the Freedom of Information Act (FOIA) for a copy of "the report received on February 2, 2011, by congressional intelligence committees from the Attorney General and the Director of National Security that pertains to intelligence collections authorities that were subject to expiration under Section 224 of the USA Patriot Act."

We have conducted a search of the Office of the Assistant Attorney General for NSD and located one record responsive to your request. We have reviewed this record and we are withholding this item (as described on the enclosed schedule) in full pursuant to the following FOIA exemption set forth in 5 U.S.C. 552(b):

(1) which permits with withholding of information properly classified pursuant to Executive Order No. 13526.

If you are not satisfied with this response, you may administratively appeal by writing to the Director, Office of Information Policy, United States Department of Justice, 1425 New York Avenue, N.W., Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received within sixty days of the date of this letter. Both the letter and envelope should be clearly marked, "Freedom of Information Act Appeal."

Sincerely,

Kevin Tiernan

Kevin Tiernan, Chief
Records Management and FOIA

1

## SCHEDULE OF DOCUMENT WITHHELD IN FULL

Classified Report, undated; sent 2/2/2011; 5 pages.
Withheld in full pursuant to 5 U.S.C. 552(b)(1).

# EXHIBIT E



The New York Times
Company

**David McCraw**
Vice President and
Assistant General Counsel

620 Eighth Avenue
New York, NY 10018

tel 212.556-4031
fax 212.556-4634
mccraw@nytimes.com

August 19, 2011

**VIA FED-EX**

Director
Office of Information Policy
United States Department of Justice
1425 New York Avenue, NW, Suite 11050
Washington, D.C. 20530-0001

Re: NSD FOI/PA #11-214 Freedom Of Information Act Appeal

To the Director:

I write on behalf of *The New York Times* ("The Times") and its reporter, Charlie Savage. On June 22, 2011, Mr. Savage submitted the above-referenced request to your agency, pursuant to the Freedom of Information Act ("FOIA"), seeking a copy of a February 2, 2011 report from the Attorney General and the Director of National Intelligence to the congressional intelligence committees regarding intelligence collection under Section 224 of the USA 11 PATRIOT Act (Public Law 107-56; 115 Stat. 295).

By a letter dated August 2, 2011, your agency denied the request, citing the FOIA exemption for "information properly classified pursuant to Executive Order No. 13526." 5 U.S.C. § 552(b)(1). A copy of this letter is attached, for your convenience. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), I write to appeal that denial and ask that you review whether this document is properly withheld as classified.

It is our understanding that the requested report is a legal opinion, outlining the Department of Justice's interpretation of the language of the PATRIOT Act. The PATRIOT Act is a public law, enacted by Congress, and it is published and available to anyone. Therefore, it is difficult to see how the interpretation of that law, which must necessarily be based on the language of the statute and public judicial decisions, could be classified.

431690v1

- 2 -

As you know, pursuant to § 552(6)(A)(ii) all appeals must be decided within twenty business days. If you have any questions, please do not hesitate to contact me.

Thank you for your consideration.

Sincerely,

David McCraw

Enclosure

CC:    Charlie Savage

#51690v1

# EXHIBIT F



**U.S. Department of Justice**

Office of Information Policy

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**AUG 2 6 2011**

David McCraw, Esq.
The New York Times Company
620 Eighth Avenue
New York, NY 10018

       Re:  Request No. 11-214

Dear Mr. McCraw:

       This is to advise you that your administrative appeal from the action of the National Security Division was received by this Office on August 22, 2011.

       The Office of Information Policy has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **AP-2011-02903**.  Please mention this number in any future correspondence to this Office regarding this matter.

       We will notify you of the decision on your appeal as soon as we can.  If you have any questions about the status of your appeal you may contact me at the number above.

                        Sincerely,

                        Priscilla Jones
                        Supervisory Administrative Specialist

# EXHIBIT G



# United States Senate
WASHINGTON, DC 20510

September 21, 2011

The Honorable Eric Holder
Attorney General
United States Department of Justice
Washington, D.C.  20530

Dear Attorney General Holder:

As you know, we have been concerned for some time that the U.S. government is relying on secret interpretations of surveillance authorities that – in our judgment – differ significantly from the public's understanding of what is permitted under U.S. law.

We believe that policymakers can have legitimate differences of opinion about what types of domestic surveillance should be permitted, but we also believe that the American people should be able to learn what their government thinks that the law means, so that voters have the ability to ratify or reject decisions that elected officials make on their behalf.

Unfortunately, however, the decision to classify the government's interpretations of the law itself makes an informed debate on this issue impossible.  Moreover, the absence of publicly available information about the government's understanding of its authorities increases the risk of the public being misled or misinformed about the official interpretation of public laws.

While we are sure that you would agree that government officials should not describe government authorities in a way that misleads the public, during your tenure Justice Department officials have – on a number of occasions – made what we believe are misleading statements pertaining to the government's interpretation of surveillance law.

The first set of statements that concern us are the repeated claims by Justice Department officials that the government's authority to obtain business records or other 'tangible things' under section 215 of the USA Patriot Act is analogous to the use of a grand jury subpoena.  This comparison – which we consider highly misleading – has been made by Justice Department officials on multiple occasions, including in testimony before Congress.  As you know, Section 215 authorities are not interpreted in the same way that grand jury subpoena authorities are, and we are concerned that when Justice Department officials suggest that the two authorities are "analogous" they provide the public with a false understanding of how surveillance law is interpreted in practice.

More recently, we were troubled to learn that a Justice Department spokesman stated that "Section 215 [of the Patriot Act] is not a secret law, nor has it been implemented under secret legal opinions by the Justice Department."  This statement is also extremely misleading.  As the NSA General Counsel testified in July of this year, significant

interpretations of section 215 of the Patriot Act are contained in classified opinions of the Foreign Intelligence Surveillance Court and these opinions – and the legal interpretations they contain – continue to be kept secret. In our judgment, when the government relies on significant interpretations of public statutes that are kept secret from the American public, the government is effectively relying on secret law.

Again, we hope you will agree that misleading statements of this nature are not in the public interest and must be corrected. Americans will eventually and inevitably come to learn about the gap that currently exists between the public's understanding of government surveillance authorities and the official, classified interpretation of these authorities. We believe that the best way to avoid a negative public reaction and an erosion of confidence in US intelligence agencies is to initiate an informed public debate about these authorities today. However, if the executive branch is unwilling to do that, then it is particularly important for government officials to avoid compounding the problem by making misleading statements such as the ones we have described here.

We urge you to correct the public record with regard to these statements, and ensure that everyone who speaks for the Justice Department on this issue is informed enough about it to avoid similarly misleading statements in the future.

Thank you for your attention to this matter.

Sincerely,

Ron Wyden
United States Senator

Mark Udall
United States Senator

# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



ECF CASE

COMPLAINT

|  | X |
|---|---|
| **THE NEW YORK TIMES COMPANY and** | : |
| **CHARLIE SAVAGE,** | : |
| Plaintiffs, | : |
|  | : |
| - against - | : |
|  | : |
| **UNITED STATES DEPARTMENT OF** | : |
| **JUSTICE,** | : |
|  | : |
| Defendant. | : |
|  | X |

Plaintiffs The New York Times Company and Charlie Savage (jointly, "NYT"), by

their undersigned attorney, allege for their Complaint:

1.      This is an action under the Freedom of Information Act ("FOIA"),

5 U.S.C. §552, *et seq.*, to order the production of an agency record improperly withheld by

Defendant in response to a request properly made by Plaintiffs.

2.      On or about February 2, 2011, two congressional intelligence

committees received from the Attorney General and the Director of National Intelligence a

report (the "Report") pertaining to intelligence collection authorities that were subject to

expiration under Section 224 of the USA PATRIOT Act, Pub. L. No. 107-56, § 224, 115

Stat. 295 (2001) ("PATRIOT Act").

3.      On May 25, 2011, two members of the Senate Intelligence Committee,

Senators Ron Wyden and Mark Udall, referenced the Report in a proposed amendment they

introduced to legislation that would extend the expiring provisions of the PATRIOT Act.

The amendment called for the Justice Department to explain publicly the official government

51943 v. 2

interpretation and analysis of the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C.
1801 *et seq.*, a surveillance law that was modified by the PATRIOT Act.

4.      On May 26, 2011, during floor debate over the legislation, Senator
Wyden expressed concern over inconsistencies between the Act's interpretation by the
government and public understanding of what the statute means. Senator Wyden stated, "I
wish to deliver a warning this afternoon. When the American people find out how their
government has secretly interpreted the PATRIOT Act, they are going to be stunned and they
are going to be angry." He also stated: "It is almost as if there are two PATRIOT Acts, and
many Members of Congress have not read the one that matters. Our constituents, of course,
are totally in the dark. Members of the public have no access to the secret legal
interpretations, so they have no idea what their government believes the law actually means."

5.      During that same day's debate, Senator Udall stated, "As a member of
the Intelligence Committee, I can tell you that what most people – including many Members
of Congress – believe the PATRIOT Act allows the government to do – what it allows the
government to do –and what government officials privately believe the PATRIOT Act allows
them to do are two different things . . . I cannot support the extension of the provisions we
are considering today without amendments to ensure there is a check on executive branch
authority. I do not believe the Coloradans who sent me here to represent them would accept
this extension either. Americans would be alarmed if they knew how this law is being
carried out."

6.      In the wake of the Senate debate over the government's secret
interpretation of the law, NYT duly filed FOIA requests seeking the Report. To date, DOJ
has refused to release the Report or any part of it, claiming it is properly classified.

## JURISDICTION AND VENUE

7.    This Court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§552(a)(4)(B) and 28 U.S.C. §1331.

8.    Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

9.    Because DOJ has failed to determine an administrative appeal in the time set by FOIA, NYT is deemed to have exhausted all administrative remedies and is now entitled to appeal directly to the Court to enforce the dictates of FOIA pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10.    Plaintiff the New York Times Company is the publisher of *The New York Times* ("the Times"). The weekday circulation of *The New York Times* is the highest in the nation among metropolitan dailies, at more than 900,000 daily, and it is 1.35 million on Sunday. The average number of monthly unique visitors to NYTimes.com has exceeded 20 million. The New York Times Company is headquartered in this judicial district at 620 Eighth Avenue, New York, N.Y.

11.    Plaintiff Charlie Savage is a reporter for The Times.

12.    Defendant DOJ is an agency of the federal government that has possession and control of the Record. DOJ is the federal agency responsible for enforcing the law and defending the legal interests of the United States. The Office of Information Policy ("OIP"), a component entity of DOJ, is responsible for ensuring the agency's compliance with FOIA requests. The National Security Division ("NSD"), a component

entity of DOJ, consolidated most of the DOJ's national security functions after the PATRIOT Act was enacted.

    13.    DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).

## FACTS

### *The Report Underlying the NYT's FOIA Request*

    14.    The USA PATRIOT Act, Pub. L. No. 107-56; 115 Stat. 272, has generated widespread public debate since its passage.

    15.    One particularly contested provision, Section 215, allows the FBI to obtain "any tangible things (including books, records, papers, documents, and other items) for an investigation to protect against international terrorism or clandestine intelligence activities."

    16.    Only a showing of "reasonable grounds" is required for the government to obtain Foreign Intelligence Surveillance Act ("FISA") court orders – issued under seal – and to access a wide range of personal and business records held by third parties such as universities, credit card companies, hotels, car rental firms, hospitals, libraries, stores, Internet service providers, and telecommunications firms.

    17.    Moreover, institutions or businesses served with court orders pursuant to Section 215 – and thus compelled to release records to the FBI – cannot disclose this to the subjects of surveillance. As such, these individuals remain unaware that their records have been accessed.

    18.    Even members of Congress who, because of their position on House and Senate intelligence committees, are privy to the government's official interpretation of

the PATRIOT Act cannot detail their concerns about interpretations of the law to the public due to classification requirements.

19.     A number of these senators and representatives have repeatedly urged the DOJ to make public its interpretation of Section 215 of the Act.

20.     For example, in a 2009 debate over the PATRIOT Act, a member of the intelligence committee, then-Senator Russell Feingold, suggested that Section 215 was being interpreted by DOJ officials in a secret way that "Congress and the American people deserve to know" about.

21.     Later that year, several Senate members pushed the DOJ to declassify information related to the government's implementation of Section 215. This request was unsuccessful.

22.     In 2011, during the debate over extending the expiring provisions of the PATRIOT Act, Senators Wyden and Udall proposed an amendment that would have required the government to reveal its interpretation of its legal authority to collect information about Americans. They made clear that they had specific concerns over how the government was interpreting Section 215.

23.     During his floor statement, immediately after discussing the proposal to require DOJ to disclose the official legal interpretations of the PATRIOT Act in connection with the Report, Senator Udall said: "I know Americans believe we ought to only use PATRIOT Act powers to investigate terrorists or espionage-related targets. Yet Section 215 of the PATRIOT Act, the so-called business records provision, currently allows records to be collected on law-abiding Americans without any connection to terrorism or espionage."

24.     During the May 2009 debate over extending the expiring PATRIOT Act provisions, Senators Wyden and Udall also offered an amendment that would have limited when the government could use Section 215 to collect records about people. This effort to amend was also unsuccessful.

25.     Section 215 was renewed as part of the PATRIOT Act without amendment, and there has been no resolution to the concerns expressed over its interpretation.

*The Report FOIA Request*

26.     Beginning in May 2011, Mr. Savage filed a series of FOIA requests seeking documents showing DOJ's interpretation of the PATRIOT Act. Of specific concern to this action, on June 22, 2011, Mr. Savage submitted a FOIA request via e-mail to DOJ NSD seeking a copy of "the report received on February 2, 2011 by the congressional intelligence committees from the Attorney General and the Director of National Intelligence, that pertains to intelligence collection authorities that were subject to expiration under section 224 of the USA PATRIOT Act."

27.     By letter dated June 27, 2011, DOJ NSD acknowledged receipt of the request, and granted expedited processing given the "particular urgency to inform the public about an actual or alleged federal government activity."

28.     By letter dated August 2, 2011, DOJ NSD denied Mr. Savage's request.

29.     The DOJ NSD stated it had found one responsive record but was withholding the record in full pursuant to FOIA Exemption 1, 5 U.S.C. § 552(b)(1) (relating

to national defense or foreign policy information properly classified pursuant to Executive
Order No. 13526).

30.     On August 19, 2011, NYT submitted to DOJ OIP its appeal of the
denial of NYT's request. DOJ OIP adjudicates such appeals, including those made to DOJ
NSD.

31.     DOJ OIP advised NYT that it had received the administrative appeal
on August 22, 2011.

32.     More than twenty days have passed since NYT submitted its August
19, 2011 administrative appeal to DOJ OIP. NYT has received no further response to its
appeal.

33.     As a result, NYT is deemed to have exhausted its administrative
remedies.

## CAUSE OF ACTION

34.     NYT repeats, realleges, and incorporates the allegations in the
foregoing paragraphs as though fully set forth herein.

35.     DOJ is an agency subject to FOIA, 5 U.S.C. § 552(f), and must
therefore release in response to a FOIA request any disclosable records in its possession at
the time of the request and provide a lawful reason for withholding any materials as to which
it is claiming an exemption, under 5 U.S.C. § 552(a)(3).

36.     Exemption 1 of FOIA applies to information properly classified
pursuant to Executive Order No. 13526.

37. Upon information and belief, the Report contains discussion of legal analysis outlining the government's official interpretation of the language of the USA PATRIOT Act.

38. Defendant's decision to withhold as classified the government's interpretation is improper.

39. Even if parts of the Report are properly classified, DOJ has an obligation to redact non-public portions of the Report and release those portions that are public under FOIA.

40. Defendant's failure to provide the Report violates FOIA, generally and specifically 5 U.S.C. § 552(a)(3).

## **REQUEST FOR RELIEF**

**WHEREFORE**, NYT respectfully requests that this Court:

a. Expedite consideration of this Complaint pursuant to 28 U.S.C. §1657;

b. Declare that the Report is public under 5 U.S.C. § 552 and must be disclosed, or in the alternative conduct an in camera review to determine whether any parts of the Report are properly public under FOIA;

c. Order the DOJ to provide the Report, or such parts as the Court determines are public under FOIA, to NYT within twenty business days of this Court's order;

    d.    Award NYT its costs of this proceeding, including reasonable

attorneys' fees, as expressly permitted by FOIA; and

    e.    Grant NYT such other and further relief as the Court deems just and
proper.

Dated: New York, New York
       October 5, 2011

                                     _____

                                     David E. McCraw
                                     Nabiha Syed (admission pending)
                                     Legal Department
                                     The New York Times Company
                                     620 8th Avenue – 18th Floor
                                     New York, NY 10018
                                     phone: (212) 556-4031
                                     fax: (212) 556-1009
                                     mccraw@nytimes.com
                                     Counsel for Plaintiffs

# EXHIBIT I

**U.S. Department of Justice**

Office of Information Policy

---

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

SEP 30 2011

David McCraw, Esq.
The New York Times Company
620 Eighth Avenue
New York, NY 10018

Re:    Appeal No. AP-2011-02903
       Request No. 11-214
       ADW:KWC

Dear Mr. McCraw:

You appealed on behalf of your client, Charlie Savage, from the action of the National Security Division (NSD) on his request for access to a report received by the "congressional intelligence committees" on February 2, 2011, from the Attorney General and the Director of National Intelligence regarding intelligence collection under Section 224 of the USA PATRIOT Act.

The Freedom of Information Act provides for disclosure of many agency records. At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities. After carefully considering your appeal, I am affirming NSD's action on your client's request. All of the information responsive to your client's request is classified. I am affirming NSD's withholding of it pursuant to 5 U.S.C. § 552(b)(1), which protects classified information from disclosure. I am, however, referring this information to the Department of Justice's Department Review Committee (DRC) so that it may determine if this information should remain classified under Executive Order No. 13,526. Once the DRC completes its review, this Office will inform you if any information is declassified.

Please be advised that this Office's decision was taken only after a full review of this matter. Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your client's underlying request, and the actions of NSD in response to your client's request.

If your client is dissatisfied with my action on your appeal, the FOIA permits him to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

As part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. Using OGIS services does not affect your right to pursue litigation. The contact information for OGIS is: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi

-2-

Road, College Park, MD 20740-6001; e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448; or facsimile at 301-837-0348.

Sincerely,

Caroline Smith for

Janice Galli McLeod
Associate Director

# EXHIBIT J



# United States Senate
WASHINGTON, DC 20510

March 15, 2012

The Honorable Eric Holder
Attorney General
United States Department of Justice
Washington, D.C.  20530

Dear Attorney General Holder:

We have discussed the dangers of relying on secret interpretations of public laws with you on multiple occasions, both through correspondence and in person.  While we know that you are generally aware of our views on this subject, we feel obliged to comment specifically on the Justice Department's recent attempt to seek dismissal of two lawsuits that have been filed under the Freedom of Information Act and that specifically pertain to this problem of secret law.

The two lawsuits (filed by the New York Times and the American Civil Liberties Union) seek to obtain information about how the United States government has interpreted the text of the USA Patriot Act, specifically section 215 of that Act, the controversial "business records" provision.

It is a matter of public record that section 215, which is a public statute, has been the subject of secret legal interpretations.  The existence of these interpretations, which are contained in classified opinions issued by the Foreign Intelligence Surveillance Court (or "FISA Court") has been acknowledged on multiple occasions by the Justice Department and other executive branch officials.

We believe most Americans would be stunned to learn the details of how these secret court opinions have interpreted section 215 of the Patriot Act.  As we see it, there is now a significant gap between what most Americans think the law allows and what the government secretly claims the law allows.  This is a problem, because it is impossible to have an informed public debate about what the law should say when the public doesn't know what its government thinks the law says.

As we have said before, we believe that it is entirely legitimate for government agencies to keep certain information secret.  Americans acknowledge that their government can better protect national security if it is sometimes allowed to operate in secrecy and as such, they do not expect the Obama Administration to publish every detail about how intelligence is collected any more than early Americans expected George Washington to tell them his plans for observing troop movements at Yorktown.  However, in a democratic society – in which the government derives its power from the consent of the people – citizens rightly expect that their government will not arbitrarily keep information from them.  Americans expect their government to operate within the boundaries of publicly-understood law, and as voters they have a need and a right to

know how the law is being interpreted, so that they can ratify or reject decisions made on their behalf. To put it another way, Americans know that their government will sometimes conduct secret operations, but they don't think that government officials should be writing secret law.

While the executive branch has worked hard to keep the government's official interpretation of the Patriot Act secret from the American public it has, to its credit, provided this information in documents submitted to Congress. However, these documents are so highly classified that most members of Congress do not have any staff who are cleared to read them. As a result, we can state with confidence that most of our colleagues in the House and Senate are unfamiliar with these documents, and that many of them would be surprised and angry to learn how the Patriot Act has been interpreted in secret.

A number of the senators who are familiar with these secret legal interpretations (including the two of us) have pressed the executive branch to declassify these interpretations so that Congress and the public can have an informed debate about the proper scope of the law. We have personally raised this issue in meetings, hearings, and correspondence (both classified and unclassified) with senior officials (including you) on many occasions over the years, thus far to no avail. It was initially encouraging when the Department of Justice and the Office of the Director of National Intelligence wrote to Senator Rockefeller and Senator Wyden in August 2009 to announce the establishment of a regular process for reviewing, redacting and releasing significant opinions of the FISA Court. Two and a half years later, however, this "process" has produced literally zero results. Not a single redacted opinion has been released.

The crux of the Justice Department's argument for keeping the official interpretation of the law secret is that this secrecy prevents US adversaries from understanding exactly what intelligence agencies are allowed to do. We can see how it might be tempting to latch on to this chilling logic, but we would note that it would then follow that all of America's surveillance laws should be secret, because that would make it even harder to guess how the United States government collects information. For example, when Congress passed the Foreign Intelligence Surveillance Act in 1978 it would have been useful to keep that law secret from the KGB, so that Soviet agents would not know how the FBI was allowed to track them. But American laws should not be made public only when government officials find it convenient. They should be public all the time, and every American should be able to find out what their government thinks those laws mean. We recognize that this obligation to be transparent with the public can be a challenge, but avoiding that challenge by developing a secret body of law is not an acceptable solution.

The Justice Department's motion to dismiss these Freedom of Information Act lawsuits argues that it is the responsibility of the executive branch to determine the best way to protect the secrecy of intelligence sources and methods. While this is indeed a determination for the executive branch to make, we are concerned that the executive branch has developed a practice of bypassing traditional checks and balances and treating these determinations as dispositive in all cases. In other words, when intelligence

officials argue that something should stay secret, policy makers often seem to defer to them without carefully considering the issue themselves. We have great respect for our nation's intelligence officers, the vast majority of whom are hard-working and dedicated professionals. But intelligence officials are specialists – it is their job to determine how to collect as much information as possible, but it is not their job to balance the need for secrecy with the public's right to know how the law is being interpreted. That responsibility rests with policy makers, and we believe that responsibility should not be delegated lightly.

We would also note that in recent months we have grown increasingly skeptical about the actual value of the "intelligence collection operation" discussed in the Justice Department's recent court filing regarding the pending lawsuits. This has come as a surprise to us, as we were initially inclined to take the executive branch's assertions about the importance of this "operation" at face value. We will provide more detail about this skepticism in classified correspondence.

We hope that you will reconsider the Justice Department's stance on the issue of secret legal interpretations, as we continue to believe that this stance is contrary to core principles of American democracy and will serve our nation quite poorly over the long term. Thank you for your attention to this matter.

Sincerely,

Ron Wyden
United States Senator

Mark Udall
United States Senator