```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                   :
THE NEW YORK TIMES CO., *et ano.*,        11 Civ. 6990 (WHP)
                                   :
            Plaintiffs,                MEMORANDUM & ORDER
                                   :
           -against-
                                   :
UNITED STATES DEPARTMENT OF
JUSTICE,                                      :
            Defendant.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                   :
AMERICAN CIVIL LIBERTIES          11 Civ. 7562 (WHP)
UNION, *et ano.*,                        :
            Plaintiffs,            :
           -against-              :
FEDERAL BUREAU OF
INVESTIGATION, *et ano.*,         :
            Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs The New York Times Company and Charlie Savage (together, the "New York Times") and the American Civil Liberties Union and the American Civil Liberties Union Foundation (together, the "ACLU") bring these actions against the United States Department of Justice (the "DOJ") and the Federal Bureau of Investigation (the "FBI," collectively, the "Government") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The New York Times and the ACLU seek the public disclosure of a classified report to Congress from the

Attorney General and the Director of National Intelligence (the "Report") regarding foreign intelligence collection authorized by section 215 of the USA PATRIOT Act (the "Patriot Act"). The parties move for summary judgment in 11 Civ. 6990 (the "New York Times action") and partial summary judgment in 11 Civ. 7562 (the "ACLU action"). For the following reasons, Plaintiffs' motions are denied, and the Government's motions are granted.

## BACKGROUND

I.  Patriot Act Section 215

Section 215 of the Patriot Act authorizes the Government to apply to the Foreign Intelligence Surveillance Court for an order directing the production of "any tangible things" for certain investigations. 50 U.S.C. § 1861(a)(1). The Government contends that its use of this authority is critical to countering national security threats. It represents that public disclosure of the Report would expose sensitive intelligence sources and methods to America's adversaries and therefore harm national security.

In response, the New York Times and the ACLU note that two United States Senators—Senator Ron Wyden of Oregon and Senator Mark Udall of Colorado—stated publicly that the Executive Branch misled Congress and the American public about its broad interpretation of section 215. See 157 Cong. Rec. S3386 (daily ed. May 26, 2011) (statement of Sen. Wyden) ("[M]any Members of Congress have no idea how the law is being secretly interpreted by the executive branch[.]"); see also 157 Cong. Rec. S3389 (daily ed. May 26, 2011) (statement of Sen. Udall) ("[W]hat most people—including many Members of Congress— believe the PATRIOT Act allows the government to do . . . and what government officials

privately believe the PATRIOT Act allows them to do are two different things."). According to the New York Times and the ACLU, the Senators' comments suggest that the Government is withholding the Report in bad faith.

II.     The New York Times Request

On May 27, 2011, New York Times reporter Charlie Savage ("Savage") submitted a FOIA request to the DOJ's Office of Information Policy ("OIP") seeking the Report. (Declaration of Nabiha Syed, dated Mar. 19, 2012 ("Syed Decl."), Ex. B.) On June 22, 2011, Savage forwarded the request to the DOJ's National Security Division ("NSD"). (Syed Decl. ¶ 4 and Ex. B.) On August 2, 2011, NSD denied Savage's request. (Syed Decl. ¶ 9 and Ex. D.) On August 19, 2011, the New York Times appealed the denial to OIP. (Syed Decl. ¶ 11 and Ex. E.) On October 5, 2011—after the deadline for an administrative determination on the appeal passed—the New York Times commenced this litigation. (Syed Decl. ¶ 17.)

By letter dated September 30, 2011—but received by the New York Times after the commencement of this litigation—OIP informed the New York Times that the Report was properly withheld, but the DOJ Department Review Committee would determine whether it should remain classified. (Syed Decl. ¶ 19 and Ex. I.) According to the Government, such referrals to the Review Committee occur as a matter of course. (Letter from Emily Daughtry to the Court, dated May 8, 2012) (11 Civ. 6990, ECF No. 25.)

III.    THE ACLU REQUEST

On May 31, 2011, the ACLU filed a FOIA request with the FBI and the DOJ's OIP, Office of Public Affairs, Office of Legal Counsel, and NSD seeking "all records concerning the government's interpretation or use of Section 215." (Unclassified Declaration of Mark A.

Bradley, dated Feb. 27, 2012 ("Unclassified Bradley Decl."), ¶ 7.) On August 22, 2011, NSD released three documents in response to the request and stated that it would withhold other documents, including the Report sought by the New York Times. (Complaint, dated Oct. 26, 2011 ("ACLU Compl."), ¶ 6.) After filing and losing two administrative appeals, the ACLU filed this suit on October 26, 2011. (ACLU Compl. ¶¶ 38-44.) The ACLU's other FOIA requests are not before the Court on these motions.

## DISCUSSION

I.  Legal Standard

Summary judgment should be rendered if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of demonstrating the absence of any genuine dispute as to a material fact rests with the moving party. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Once the moving party has made an initial showing that there is no genuine dispute of material fact, the non-moving party cannot rely on the "mere existence of a scintilla of evidence" to defeat summary judgment but must set forth "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original); see also Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003).

"A dispute about a 'genuine issue' exists for summary judgment purposes where the evidence is such that a reasonable jury could decide in the non-movant's favor." Beyer v.

Cnty. of Nassau, 524 F.3d 160, 163 (2d Cir. 2008) (quoting Guilbert v. Gardner, 480 F.3d 140, 145 (2d Cir. 2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Scott v. Harris, 550 U.S. 372, 380 (2007) (citing Matsushita, 475 U.S. at 586-87). The Court resolves all factual ambiguities and draws all inferences in favor of the non-moving party. Liberty Lobby, 477 U.S. at 255; see also Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005). Where, as here, both parties move for summary judgment, each party's motion "must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." Morales v. Quintel Entm't, Inc., 249 F.3d 115, 121 (2d Cir. 2001).

In a FOIA case, "[a]ffidavits and declarations . . . giving reasonably detailed explanations why any withheld documents fall within an exemption [from the obligation to disclose] are sufficient to sustain the agency's burden." Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994) (footnote omitted). "[T]he general rule in this Circuit is that in FOIA actions, agency affidavits alone will support a grant of summary judgment," and Local Civil Rule 56.1 statements are not required. Ferguson v. FBI, No. 89 Civ. 5071 (RPP), 1995 WL 329307, at *2 (S.D.N.Y. June 1, 1995), aff'd, 83 F.3d 41 (2d Cir. 1996).

II. FOIA

FOIA represents Congress's balance "between the right of the public to know and the need of the Government to keep information in confidence." John Doe Agency v. John Doe Corp., 493 U.S. 146, 152 (1989) (quoting H.R. Rep. 89-1497, 89th Cong., 2d Sess. 6 (1966)) (internal quotation marks omitted). Thus, while FOIA requires public disclosure of many government documents, disclosure is not required if "the documents fall within [the statute's]

enumerated exceptions." Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) (internal citations omitted). FOIA's exemptions are "narrowly construed," and all doubts "are to be resolved in favor of disclosure." ACLU v. Dep't of Def., 543 F.3d 59, 66 (2d Cir. 2008), vacated on other grounds and remanded, 130 S. Ct. 777 (2009).

Courts review exemption claims de novo, and it is the Government's burden "to justify the withholding of any requested documents." Associated Press v. U.S. Dep't of Def., 554 F.3d 274, 283 (2d Cir. 2009) (quoting U.S. Dep't of State v. Ray, 502 U.S. 164, 173 (1991)) (internal quotation marks omitted); see also 5 U.S.C. § 552(a)(4)(B). To carry its burden, the Government must submit declarations with the "reasonable specificity" needed to facilitate meaningful review. Halpern v. FBI, 181 F.3d 279, 293 (2d Cir. 1999). However, declarations in FOIA cases need not contain "factual descriptions that if made public would compromise the secret nature of the information[.]" Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv., 608 F.2d 1381, 1384-85 (D.C. Cir. 1979) (quoting Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973)) (internal quotation marks omitted).

"Ultimately, an agency's justification for invoking a FOIA exception is sufficient if it appears logical or plausible." Wilner v. Nat'l Sec. Agency, 592 F.3d 60, 73 (2d Cir. 2009) (quoting Larson v. Dep't of State, 565 F.3d 857, 865 (D.C. Cir. 2009) (Sentelle, C.J.)) (internal quotation marks omitted). And courts "have consistently deferred to executive affidavits predicting harm to national security[.]" Wilner, 592 F.3d at 76 (quoting Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice, 331 F.3d 918, 927 (D.C. Cir. 2003)) (internal quotation marks omitted). Accordingly, "the government's burden is a light one." ACLU v. U.S. Dep't of Def., 628 F.3d 612, 624 (D.C. Cir. 2011) (Sentelle, C.J.); accord Amnesty Int'l USA v. CIA, 728 F.

Supp. 2d 479, 508 (S.D.N.Y. 2010) (deferring to executive declarations predicting harm to national security).

### A. Sufficiency of the Government's Submissions

In support of its motions for summary judgment and partial summary judgment, the Government submitted classified and unclassified declarations of Mark A. Bradley, the Director of the FOIA and Declassification Unit of NSD's Office of Law and Policy. (Unclassified Bradley Decl. ¶ 1.) The New York Times and the ACLU contend that the unclassified Bradley declaration lacks the required degree of specificity because it is conclusory and merely repeats the legal standard for withholding classified documents. But, as the New York Times acknowledged at oral argument, this Court need not decide whether the Government's public submissions are sufficient if this Court reviewed the Report in camera. (Hearing Transcript dated May 4, 2012 ("Hr'g Tr."), at 12.) Any in camera inspection guides a court's evaluation of the Government's reliance on exemptions from FOIA's disclosure requirement.

### B. *In Camera* Review

District courts may review withheld documents in camera to assist in analyzing FOIA exemption claims. See 5 U.S.C. § 552(a)(4)(B); see also Tigue v. U.S. Dep't of Justice, 312 F.3d 70, 82 (2d Cir. 2002). "In camera review is considered the exception, not the rule, and the propriety of such review is a matter entrusted to the district court's discretion." ACLU v. Office of the Dir. of Nat'l Intelligence, No. 10 Civ. 4419 (RJS), 2011 WL 5563520, at *12 n.9 (S.D.N.Y. Nov. 15, 2011) (quoting Local 3, Int'l Bhd. of Elec. Workers v. NLRB, 845 F.2d 1177, 1180 (2d Cir. 1988)) (internal quotation marks omitted). But in camera inspection is

particularly appropriate where, as here, "the number of documents is relatively small[.]" Twist v. Ashcroft, 329 F. Supp. 2d 50, 54 (D.D.C. 2004), aff'd sub nom., Twist v. Gonzales, 171 F. App'x 855 (D.C. Cir. 2005).

Both the New York Times and the ACLU asked this to Court review the Report in camera, and the Government did not oppose that request. In view of the Report's brevity, this Court did so. This Court is mindful, however, that "the district court's inspection prerogative is not a substitute for the government's burden of proof[.]" Halpern, 181 F.3d at 295 (quoting Church of Scientology v. U.S. Dep't of Army, 611 F.2d 738, 743 (9th Cir. 1980)) (internal quotation marks omitted). Accordingly, the Government must demonstrate that the Report is covered by at least one of FOIA's enumerated exemptions. See Wilner, 592 F.3d at 73.

C. FOIA Exemption 1

The Government contends that the Report is exempt from disclosure under FOIA Exemption 1. Exemption 1 provides that FOIA's disclosure mandate does not apply to materials that are "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1).

Executive Order 13526, 75 Fed. Reg. 707 (Dec. 29, 2009), provides the operative classification standard. Under this Executive Order, (1) an "original classification authority" must classify the information; (2) the information must be "owned by, produced by or for, or . . . under the control of the United States Government"; (3) the information must fall within one or more of eight protected categories listed in section 1.4 of the Order; and (4) an original classification authority must "determine[] that the unauthorized disclosure of the information

reasonably could be expected to result in damage to the national security" and be "able to identify and describe the damage." Exec. Order 13526 § 1.1(a)(1)-(a)(4). Section 1.4 of Executive Order 13526 protects, among other things, "intelligence activities (including covert action), intelligence sources or methods, or cryptology," and "vulnerabilities or capabilities of systems, installations, infrastructures, projects, plans, or protection services relating to the national security." However, Section 1.7 prohibits classification of information in order to "prevent or delay the release of information that does not require protection in the interest of national security." Exec. Order 13526 § 1.7(a)(4).

The New York Times and the ACLU do not dispute that the first two conditions for classification are met. Further, the Bradley declarations show that the Government "determine[d] that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security." Exec. Order 13526 § 1.1(a)(4). Finally, this Court's in camera review confirms that the Report falls within at least one of the eight categories listed in section 1.4. This Court agrees that the Report "contains specific descriptions of the manner and means by which the United States Government acquires tangible things for certain authorized investigations pursuant to Section 215." (Unclassified Bradley Decl. ¶ 9.) And this Court credits the Government's assertion that disclosing this information could enable America's adversaries to develop means to degrade and evade the nation's foreign intelligence collection capabilities. (Unclassified Bradley Decl. ¶ 9.) Accordingly, FOIA Exemption 1 applies, and the Government need not disclose the Report.

D. <u>FOIA Exemption 3</u>

The Government also contends that the Report is exempt from disclosure under FOIA Exemption 3, which provides that materials "specifically exempted from disclosure" by certain statutes need not be disclosed. 5 U.S.C. § 552(b)(3). In evaluating whether Exemption 3 applies, a court should "not closely scrutinize the contents of the withheld document; instead, [it should] determine only whether there is a relevant statue and whether the document falls within that statute." <u>Krikorian v. Dep't of State</u>, 984 F.2d 461, 465 (D.C. Cir. 1993).

The Government argues that disclosure of the Report is barred by the National Security Act of 1947, as amended by the Intelligence Reform and Terrorism Prevention Act of 2004, which protects intelligence sources and methods. <u>See</u> 50 U.S.C. § 403-1(i). In enacting the National Security Act, Congress "simply and pointedly protected all sources of intelligence that provide, or are engaged to provide, information the [responsible agency] needs to perform its statutory duties[.]" <u>CIA v. Sims</u>, 471 U.S. 159, 169-70 (1985).

This Court's <u>in camera</u> review confirms that disclosing the Report would reveal and potentially compromise intelligence sources and methods. And it is principally the duty of the Executive Branch, "not that of the judiciary, to weigh the variety of complex and subtle factors in determining whether disclosure of information may lead to an unacceptable risk of compromising the [Government's] intelligence-gathering process." <u>Sims</u>, 471 U.S. at 180. Accordingly, the Report is also exempt from disclosure under the National Security Act of 1947, 50 U.S.C. § 403-1(i), and FOIA Exemption 3, 5 U.S.C. § 552(b)(3).

E. "Secret Law"

In addition to arguing that Exemptions 1 and 3 do not apply, the ACLU contends that the so-called secret law doctrine mandates the disclosure of the Report. The ACLU argues that even if the Report is covered by Exemptions 1 or 3, the Government may not withhold it to the extent that it "sets forth or clarifies an agency's substantive or procedural law[.]" Caplan v. Bureau of Alcohol, Tobacco & Firearms, 587 F.2d 544, 548 (2d Cir. 1978) (citation omitted); see also Jordan v. U.S. Dep't of Justice, 591 F.2d 753, 781 (D.C. Cir. 1978) (Bazelon, J., concurring) ("One of the principal purposes of [FOIA] is to eliminate 'secret law.'"). While the New York Times joins this argument, it clarifies that the ultimate issue is whether the FOIA exemptions apply. (Hr'g Tr. at 22-23.)

To support their "secret law" theory, the New York Times and the ACLU cite no case in which a court applied the "secret law doctrine" to mandate the disclosure of classified national security information protected by Exemptions 1 or 3, and this Court has found none. Indeed, the concept of "secret law" arose in the different context of Exemption 5—which protects certain "inter-agency or intra-agency memorandums or letters," 5 U.S.C. § 552(b)(5)— and the now-abrogated exemption known as "High 2," which shielded "'predominantly internal' materials whose disclosure would 'significantly ris[k] circumvention of agency regulations or statutes.'" Milner v. Dep't of Navy, 131 S. Ct. 1259, 1263 (2011) (quoting Crooker v. Bureau of Alcohol, Tobacco & Firearms, 670 F.2d 1051, 1056-57, 1074 (D.C. Cir. 1981)) (internal citation omitted); see also Afshar v. Dep't of State, 702 F.2d 1125, 1141 (D.C. Cir. 1983); Cuneo v. Schlesinger, 484 F.2d 1086, 1090-91 (D.C. Cir. 1973). Further, there is no textual basis in FOIA for a freestanding "secret law doctrine." Notwithstanding the ACLU's policy arguments, this

-11-

Court declines the invitation to read a "secret law" exception into the FOIA exemptions without a statutory tether. See Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 228 (2008) ("[Courts] must give effect to the text congress enacted[.]"); see also Milner, 131 S. Ct. at 1267 (rejecting a "text-light approach" to interpreting FOIA). Accordingly, Plaintiffs' "secret law" argument is unavailing.

F. Evidence of Bad Faith

In challenging the adequacy of the Government's submissions, the New York Times and the ACLU contend that the statements of Senators Wyden and Udall raise the possibility that the Government's decision to withhold the Report reflects bad faith. See Wilner, 592 F.3d at 73 (explaining that evidence of bad faith can undermine agency's assertions that document falls within FOIA exemption). However, this Court's in camera review of the Report verifies the Government's public representations that the Report contains properly classified national security information. The Senators' concerns that the Government is misleading Congress and the public about the scope of section 215 do not compel a different conclusion because the Government meets its burden for withholding the Report under Exemptions 1 and 3.

G. Feasibility of Redactions

The New York Times and the ACLU maintain that this Court should order the Government to produce the Report in redacted form if portions are exempt from disclosure. As they note, any portions of a document that fall outside of FOIA's exemptions must be disclosed unless they are "inextricably intertwined" with the exempt material. Inner City Press/Cmty. on the Move v. Bd. of Governors of the Fed. Reserve Sys., 463 F.3d 239, 249 n.10 (2d Cir. 2006). This Court's in camera review reveals that any potentially non-exempt portions of the Report are

inextricably intertwined with the exempt portions. Accordingly, the entire Report is exempt from disclosure under FOIA Exemptions 1 and 3. The disclosure of a redacted version of the Report is neither feasible nor warranted.

## CONCLUSION

For the foregoing reasons, the New York Times' motion for summary judgment and the ACLU's motion for partial summary judgment are denied. The Government's motions for summary judgment in the New York Times action and for partial summary judgment in the ACLU action are granted.

The Clerk of the Court is directed to file this Memorandum & Order in both 11 Civ. 6990 and 11 Civ. 7562. The Clerk of the Court is further directed to terminate all pending motions in 11 Civ. 6990 and mark that case closed, and to terminate the motions pending at ECF Nos. 14 and 23 in 11 Civ. 7562.

Dated: May 17, 2012
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J

*Counsel of Record:*

David E. McCraw, Esq.
The New York Times Company
620 Eighth Avenue, 18th Floor
New York, NY 10018
*Counsel for the New York Times Company and Charlie Savage*

Alexander A. Abdo, Esq.
Jameel Jaffer, Esq.
American Civil Liberties Union
125 Broad Street, 18th Floor
New York, NY 10004

Beth Haroules, Esq.
Arthur Eisenberg, Esq.
New York Civil Liberties Union Foundation
125 Broad Street, 19th Floor
New York, NY 10004

Charles S. Simms, Esq.
Richard I. Haddad, Esq.
Stuart A. Youngs, Esq.
Proskauer Rose LLP
11 Times Square
New York, NY 10036
*Counsel for the American Civil Liberties Union and the American Civil Liberties Union Foundation*

Emily E. Daughtry, Esq.
John D. Clopper, Esq.
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, NY 10007
*Counsel for Defendants*